2026 IL App (1st) 241647-U

No. 1-24-1647

Order filed August 7, 2026

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| LOUIS ARROYO and SPARTACUS 3, LLC, | ) | Appeal from the |
| | ) | Circuit Court of Cook County, |
| Plaintiffs-Appellants, | ) | Chancery Division. |
| | ) | |
| v. | ) | No. 2022 CH 11044 |
| | ) | |
| THE CITY OF CHICAGO, | ) | Honorable |
| | ) | Michael T. Mullen, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Oden Johnson and Justice Wilson concurred in the judgment.

**ORDER**

¶ 1    Held:    The circuit court's order dismissing the second amended complaint is affirmed because plaintiffs cannot plead promissory estoppel or *quantum meruit* in connection with the sale of municipal land based only on an alleged oral promise of a municipal employee.

¶ 2    In this municipal land sale case, plaintiffs Louis Arroyo and Spartacus 3, LLC appeal the circuit court's order dismissing their second amended complaint against the City of Chicago alleging promissory estoppel and *quantum meruit*. 735 ILCS 5/2-615, 2-619 (West 2024). The issue presented is whether the circuit court erred in dismissing their claims where plaintiffs alleged they expended time and money to inspect land owned by the city in reliance on a city employee's

promise to sell the land to plaintiffs at an appraised value if they continued due diligence. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4       In their second amended complaint, plaintiffs alleged that Luis Arroyo, a registered agent of Spartacus 3, LLC, met with John Molloy, an economic development coordinator with the City of Chicago Department of Planning and Development. They discussed Spartacus 3 purchasing property from the city, located at 327-379 North Pulaski Road and 344-384 North Harding Avenue in Chicago, Illinois.

¶ 5       According to plaintiffs, Arroyo told Molloy that he intended to purchase the properties at a value to be determined by a mutually agreeable appraisal service. Plaintiffs alleged that Molloy verbally accepted, "provided that" Arroyo took "additional steps to secure his interest in the subject property including, conducting and completing inspections and assessments as required under local and state law." Arroyo agreed.

¶ 6       In January 2019, the city entered into a right of entry agreement, which was attached to plaintiffs' second amended complaint. The city granted GSG Consultants, Inc. access to the properties to conduct due diligence on behalf of Spartacus 3. The agreement stated that Spartacus 3 is "in discussions" to purchase the properties, and GSG Consultants is licensed to conduct "Phase I Environmental Site Assessment, Phase II Environmental Site Assessment, and Geophysical / Electromagnetic Survey *** in order to further investigate the condition of the Property ***."

¶ 7       According to plaintiffs, they expended significant time and money conducting due diligence. Plaintiffs maintain that Molloy reassured Arroyo in subsequent meetings that the city would sell the properties to them. Molloy allegedly told Arroyo, "the lot is yours," "this is your

property," "keep going on with the inspections," and "we'll sell you the property at the appraised value." After the Phase 1 inspection, Molloy said "when we get the appraisal, it's yours."

¶ 8 Plaintiffs alleged that the city benefitted from the due diligence when plaintiffs discovered underground tanks and infrastructure. Plaintiffs concluded the factual allegations by alleging that "Arroyo was informed an appraisal of the site had been ordered," and plaintiffs' attorney "began regularly communicating via email and telephone with Molloy and other employees of the City of Chicago, requesting when the appraisal would be available." Plaintiffs did not allege what, if anything, occurred after these communications.

¶ 9 Plaintiffs sought $500,000 in damages for both Spartacus 3 and Arroyo personally under promissory estoppel and *quantum meruit* theories.

¶ 10 Defendant moved to dismiss under sections 2-615 and 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-615, 2-619 (West 2024). The circuit court dismissed all counts and entered judgment in favor of defendant. This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 11                                    II. ANALYSIS

¶ 12 Plaintiffs argue the circuit court erred in dismissing their claims where they sufficiently pled all elements of promissory estoppel and *quantum meruit*. Defendant argues the circuit court properly dismissed the promissory estoppel claim because (1) an implied-in-fact contract would be void under the circumstances and (2) plaintiffs failed to plead, among other things, reasonable reliance. As to *quantum meruit*, defendant argues the claim was properly dismissed because the face of the pleadings showed that plaintiffs' services were performed gratuitously and were contemplated in an express contract.

¶ 13    We review the dismissal of a complaint *de novo*. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24. When *de novo* review applies, the appellate court performs "the same analysis" as the circuit court. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. "We may affirm on any basis appearing in the record, whether or not the [circuit] court relied on that basis ***." *Mullins v. Evans*, 2021 IL App (1st) 191962, ¶ 25.

¶ 14    A motion to dismiss under section 2-615 of the Code of Civil Procedure "admits as true all well-pleaded facts and all reasonable inferences from those facts" but "challenges the legal sufficiency of the plaintiff's claim." *Cahokia Unit School District*, 2021 IL 126212, ¶¶ 23-24. "[A] court must construe the pleadings and supporting documents in the light most favorable to the nonmoving party." *Id.* ¶ 24.

¶ 15    Illinois is a fact-pleading jurisdiction. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). "While the plaintiff is not required to set forth evidence in the complaint [citation], the plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action ***." *Id.* at 429-30. "[T]he plaintiff's complaint must allege facts that set forth the essential elements of the cause of action." *Aliano v. Ferriss*, 2013 IL App (1st) 120242, ¶ 20. It is not sufficient to make "[b]are conclusions of law, or conclusory factual allegations that parrot the elements of a cause of action without underlying factual support ***." *Selby v. O'Dea*, 2020 IL App (1st) 181951, ¶ 59.

¶ 16    On the other hand, "[a] section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim." *Power Dry of Chicago, Inc. v. Bean*, 2022 IL App (2d) 210043, ¶ 21; 735 ILCS 5/2-619.

¶ 17                                A. Promissory Estoppel

¶ 18    Promissory estoppel is a common-law doctrine where courts enforce an implied-in-fact contract "in the absence of an express agreement." *Matthews v. Chicago Transit Authority*, 2016 IL 117638, ¶¶ 92-93. The elements of promissory estoppel are "(1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendant, and (4) plaintiff relied on the promise to its detriment." *Id.* ¶ 95. When a court implies a contract in fact, it is enforced as a "true contract." *Id.* ¶ 93.

¶ 19                                1. *Void Contract*

¶ 20    Our supreme court has explained promissory estoppel cannot be used to imply a contract in fact against a municipality if enforcement would circumvent laws for contract formation with the government entity:

> "A municipal corporation cannot be held liable under a contract implied in fact where there has been a failure to comply with a statute or ordinance prescribing the method by which an officer or agent can bind such corporation by contract. [Citations.] Stated differently, a municipal corporation cannot be obligated under a contract implied in fact that is *ultra vires*, contrary to statutes, or contrary to public policy." *Id.* ¶ 98.

¶ 21    Under the Chicago Municipal Code, the city council has the authority to sell city land, not the department of planning and development or its agents. Chicago Municipal Code § 2-158-020 (added Oct. 14, 1992). Plaintiffs did not allege that the city council approved the sale of the properties. Indeed, the allegations indicate that plaintiffs negotiated with Molloy under the department of planning and development's narrow authority to execute right of entry agreements to facilitate due diligence for *future* land sales. *Id.* § 2-45-040(a)(6) (amended Apr. 16, 2025). Thus, any implied-in-fact contract for the sale of land based on Molloy's verbal promises would be void and unenforceable. See *Matthews*, 2016 IL 117638, ¶ 98; *McMahon v. City of Chicago*,

339 Ill. App. 3d 41, 45 (2003) ("[A] municipality cannot be bound by a contract that does not comply with the prescribed conditions for the exercise of its power." (Internal quotation marks omitted.)). Accordingly, dismissal was proper because, even if true, the allegations did not state a claim for promissory estoppel.

¶ 22        2. *Reasonable Reliance on a Municipal Employee's Promise to Contract*

¶ 23    Dismissal was also proper because plaintiffs failed to sufficiently plead the reasonable reliance element. To succeed on a promissory estoppel claim, the plaintiff's reliance must be "expected and foreseeable by defendant." *Matthews*, 2016 IL 117638, ¶ 95. In other words, "reliance must be reasonable and justifiable." *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 310 (1990).

¶ 24    Here, it was unreasonable for plaintiffs to rely on assurances from a municipal employee who does not have actual authority to bind the city. "[T]he law presumes that those who deal with a municipal corporation know the limitations on the power of city officials to enter into contracts ***." *Direct Energy Business, LLC v. City of Harvey*, 2021 IL App (1st) 200629, ¶ 21. "[W]here *** a plaintiff relies on the statements of an unauthorized official, the reliance has been held to be unwarranted because the statute has put the party on notice that the official's authority is limited." *McMahon*, 339 Ill. App. 3d at 46. Thus, it was presumptively unreasonable to rely on Molloy's promises, and plaintiffs failed to plead any unique circumstances to justify that reliance. See *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 39 (explaining to justifiably rely on a municipal employee's promises, the plaintiff's reliance must be "based on its own inquiry into the municipal official's authority").

¶ 25    Plaintiffs' arguments to the contrary are unavailing. They argue reasonable reliance is a question of fact and is not a suitable basis for dismissal at the pleading stage. However, even if reliance is generally a question of fact, reliance on an unauthorized official's promise is facially unreasonable under Illinois law. Indeed, our supreme court explained that although reliance is "typically" a question of fact, "a plaintiff must offer more than mere conclusions on these elements because Illinois is a fact-pleading jurisdiction, and because, when public revenues are at stake, estoppel is particularly disfavored." *Id*. ¶ 40.

¶ 26    Further, plaintiffs' case comparisons to support estoppel against a municipality are inapposite because those cases concerned equitable estoppel, not promissory estoppel. See *Cities Service Oil Co. v. City of Des Plaines*, 21 Ill. 2d 157, 162-63 (1961) (equitably estopping the municipality from enforcing the removal of land improvements); *New-Mark Builders, Inc. v. City of Aurora*, 90 Ill. App. 2d 98, 104 (1967) (finding plaintiff stated a claim for equitable estoppel to compel the city to approve annexation of land). Promissory estoppel and equitable estoppel are distinct causes of action. *Matthews*, 2016 IL 117638, ¶ 94. Regardless, the same principles would bar recovery in an equitable estoppel claim. Namely, "equitable estoppel will not be applied to governmental entities absent extraordinary and compelling circumstances." *Id*. Plaintiffs did not allege facts to suggest their reliance on an unauthorized city official was extraordinary or compelling.

¶ 27                                    3. *Statute of Frauds*

¶ 28    Dismissal was also proper in light of the statute of frauds's requirement that contracts for the sale of land are unenforceable "unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith ***." 740 ILCS 80/2 (West 2022).

"[P]romissory estoppel does not bar the application of the statute of frauds in Illinois." *McInerney v. Charter Golf, Inc.*, 176 Ill. 2d 482, 492 (1997). The statute of frauds is an affirmative defense to liability, which warrants dismissal under section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619(a)(7); *Konrath v. Panko*, 2023 IL App (3d) 220131-U, ¶ 41 ("[D]ismissal was still warranted in this case pursuant to defendants' section 2-619 motion because promissory estoppel is not an exception to the statute of frauds.").

¶ 29    Plaintiffs argue the partial performance exception applies. However, the exception only applies when a party partially performed in "reasonable reliance upon the contract." (Internal quotation marks omitted.) *Dickens v. Quincy College Corp.*, 245 Ill. App. 3d 1055, 1061 (1993). As noted, plaintiffs' reliance was unreasonable. Likewise, the partial performance exception only permits courts to grant equitable relief in the form of specific performance. *Id.* at 1061-62. Because plaintiffs seek money damages, the exception cannot apply here. *Id.* at 1062 ("In the case at bar, the fact [that] plaintiff sought money damages in both counts precluded him from raising the partial performance exception to the statute of frauds.").

¶ 30                                B. *Quantum Meruit*

¶ 31    *Quantum meruit* is an equitable remedy. *Andrew W. Levenfeld & Associates, Ltd. v. O'Brien*, 2024 IL 129599, ¶ 59. Under the doctrine, where there is no actual contract between parties, courts may enforce a "quasi-contract, or contract implied in law" in order to "prevent injustice." (Internal quotation marks omitted.) *Archon Construction Co. v. U.S. Shelter, L.L.C.*, 2017 IL App (1st) 153409, ¶ 30. "[T]he measure of recovery is the reasonable value of work and material provided ***." *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 9 (2004).

¶ 32 "To recover under *quantum meruit*, the plaintiff must prove (1) the plaintiff performed a service to benefit the defendant, (2) the plaintiff did not perform this service gratuitously, (3) the defendant accepted this service, and (4) no contract existed to prescribe payment for this service." *Kane v. Option Care Enterprises, Inc.*, 2021 IL App (1st) 200666, ¶ 40.

¶ 33 Plaintiffs' two-paragraph, conclusory analysis of the *quantum meruit* issue on appeal is inadequate and therefore waived. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *People v. Ballard*, 2022 IL App (1st) 210762, ¶ 25 ("A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. [Citation.] Issues that are ill-defined and insufficiently presented *** are considered waived." (Internal quotation marks omitted.)); *Hall v. Naper Gold Hospital LLC*, 2012 IL App (2d) 111151, ¶ 12 (explaining the appellant's argument is waived because the "entire argument boils down to two conclusory paragraphs").

¶ 34 Regardless of waiver, the circuit court did not err. Courts will not enforce a quasi-contract where "the services were rendered in order to gain a business advantage, the plaintiff did not contemplate a fee at the time the services were rendered, or the defendant could not have reasonably believed that plaintiff expected a fee." *Plastics & Equipment Sales Co. v. DeSoto, Inc.*, 91 Ill. App. 3d 1011, 1017 (1980). Here, plaintiffs conducted due diligence to facilitate their own land purchase. Nothing suggests either party reasonably believed the city would pay plaintiffs for any benefits that accrued to the city as a result of the due diligence. See *Rutledge v. Housing Authority of City of East St. Louis*, 88 Ill. App. 3d 1064, 1069-70 (1980) (affirming the dismissal of a *quantum meruit* claim where the plaintiff alleged the city benefited from its planning and construction proposal, reasoning that "even if we assume for the sake of argument that the

defendant was enriched, \*\*\* that enrichment was extended voluntarily to facilitate a business objective").

¶ 35    Additionally, "*quantum meruit* [ ] is precluded by the existence of an express contract between the parties regarding the work that was performed." *Archon Construction*, 2017 IL App (1st) 153409, ¶ 32. The right of entry agreement was an express contract that granted GSG Consultants the right to conduct due diligence on behalf of Spartacus 3. The agreement did not provide for compensation or contemplate plaintiffs' due diligence efforts as a service to the city.

¶ 36                                         III. CONCLUSION

¶ 37    For these reasons, the judgment of dismissal is affirmed.

¶ 38    Affirmed.